IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GENELUX CORPORATION and RONALD SIMUS, | § § § | No. 631, 2015 |
| Plaintiffs Below-Cross-Appellees, | § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § | C.A. No. 10042-VCM |
| ALBERT ROEDER and BYRON GEORGIOU, | § § § | |
| Defendants Below-Cross-Appellants, | § § § | |
| and | § § | |
| DR. ALADAR SZALAY, | § § § | |
| Intervenor Below-Cross-Appellant. | § § | |

Submitted: June 9, 2016
Decided: June 9, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices, constituting the Court *en Banc*.

# **O R D E R**

This 9th day of June 2016, having considered this matter on the briefs, the plaintiffs' motion to supplement the cross-appeal to show mootness, and the defendants' response to that motion, we find it evident that: Only one narrow issue remains on this cross-appeal, which is whether the Court of Chancery abused its

discretion by not awarding a more generous fee-shifting award to the defendants. The plaintiffs argue that even that issue is now moot because they have made a full payment of the financial amounts in controversy. The only response to that contention is that this case presents one of the rare situations when this court should consider a moot dispute because the underlying issue is sufficiently important, will likely recur, and could evade review if we do not act now. We disagree. This cross-appeal now raises only a moot issue about whether the Court of Chancery properly exercised its case-specific discretion in applying settled principles of law. There being no financial consequences left in controversy, the case is moot and the cross-appeal is dismissed on that basis. IT IS SO ORDERED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice